UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ASHINET BROWN, ASHLEY THOMPSON,
PRECIOUS JACKSON, TYNISE WATSON, and          17-CV- 00169 (RMB)
SANDRA ADARQUAH, Individually and on
Behalf of others similarly situated,                          **AFFIRMATION IN**
                                                              **OPPOSITION TO**
                                                              **MOTION FOR**
                              Plaintiff,                      **DEFAULT JUDGMENT**

              -against-


WILD BLUE ORCHID, INC. (d/b/a CHOCOLAT),
MOCA BAR AND GRILL, INC. and LEON ELLIS,
Individually and his Official Capacity,

                              Defendants.
--------------------------------------------------------------------X

ANTHONY S. CHILLIEST, ESQ. an attorney duly admitted to practice law

before the United States District Court Southern District of New York do hereby affirm

that all information herein is true and based upon personal knowledge except where the

same is stated to be upon information and relief, at which times I believe the information

to be true.

1. That I am a Partner in the Law Offices of Donaldson & Chilliest, LLP the

   attorneys for Defendants, WILD BLUE ORCHID D/B/A CHOCOLAT

   RESTAURANT & LOUNGE, ("WILD BLUE ORCHID"), MOCA BAR AND

   GRILL, INC. ("MOCA") and LEON ELLIS in all capacities ("ELLIS") (together

   the "Defendants") as such I am familiar with the facts and circumstances herein.

2. That I make this Affirmation in Opposition to Plaintiff's Motion for an Order on

   Default against the named Defendants herein.

3.  Plaintiff by Order to Show Cause dated April 4, 2017 (Document #12) has moved this Court for a Judgment based upon the default of the Defendants to answer a Summons & Complaint (Exhibit A).

4.  The basis of the action is an alleged violation of Plaintiff's rights pursuant to 29 U.S.C. § 201, et seq., 29 U.S.C. § 207, and related violation of their rights under New York State Law.

5.  Plaintiff alleges that the Summons & Complaint was served against WILD BLUE ORCHID by delivering the same to Troy George on January 19, 2017 at or about 8:41pm (Exhibit B).

6.  Plaintiff alleges that the Summons & Complaint was served against MOCA by delivering the same to Kerry Alexander on January 19, 2017 at or about 8:45 pm (Exhibit C).

7.  Plaintiff alleges that the Summons & Complaint was served against ELLIS by delivering the same to Troy George on January 19, 2017 at or about 8:41pm and thereafter mailing the same to the address of 2223 8th Avenue New York, New York 10029 (Exhibit D).

8.  The Defendants oppose Plaintiffs motion.

### Memorandum of Law

The Federal Rules of Civil Procedure ("FRCP") requires, in general, a summons must be served along with a complaint in every civil action (See, FRCP §4 (c) 1). The same is the Plaintiff's responsibility. Unless a waiver of service, which is inapplicable in this matter, is in place, FRCP§ 4(h) proscribes how service is to be effectuated upon a corporation. With regard to a corporation, there are two general methods of service:

1.      A corporation located in a judicial district of the United States can be served following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located, which in this case is New York (See, FRCP §4(h)(1)(A)).

2.      Alternatively, by delivering a copy of the summons and of the complaint to an officer, managing agent or general agent, or any other agent authorized by appointment or by law to receive service of process and by mailing a copy of each to the defendant (See, FRCP§4(h) (1) (B)).

In the instant matter, neither alternative was accomplished. Both Wild Blue Orchid and Moca Bar & Grill, Inc. are New York State domestic corporations. New York State Civil Procedure Laws & Rules ("CPLR") Section 311 governs how to serve a domestic corporation. Section 311(a) states that personal service upon a corporation ... shall be made by delivering the summons ... to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service.   Here the service of process was not effectuated on any of the above. Instead, it appears from the Affidavits of

Service that the process server just selected a miscellaneous employee.  Neither

Troy George nor Kerry Alexander is an officer or agent with the respective

corporations.  Neither of them meet any of the qualifications of an individual

authorized to receive service on behalf of either Wild Blue Orchid, Inc. or Moca Bar

& Grill, Inc.  In fact, the only person authorized to accept service on behalf of both

corporations is Leon Ellis (See Exhibit E and F).

A business corporation may also be served pursuant to New York State

Business Corporations Law ("BCL"). This provision of the law acts as a "fail safe" in

the event there isn't a properly designated or registered agent for a corporation or a

process server is unable to locate the same. BCL § 306(b)(1)  allows for service of

process upon the secretary of state as agent of a domestic ... corporation ... by

personally delivering to and leaving with the secretary of state or a deputy, or with

any person authorized by the secretary of state to receive such service, at the office

of the department of state in the city of Albany, duplicate copies of such process

together with the statutory fee, which fee shall be a taxable disbursement.   Service

of process on such corporation shall be complete when the secretary of state is so

served.   By this provision, the Secretary of State of the State of New York acts as a

constructive agent for every incorporation organized and/or lawfully conducting

business in the State of New York. Clearly, the Plaintiff could have cause the

Secretary of State to be served, and yet didn't.

Furthermore, as it relates to WILD BLUE ORCHID, a review of the records of

the New York State Department of State, the agency responsible for corporate

governance, indicates that the address for service of process for WILD BLUE

ORCHID is 2210 Frederick Douglas Blvd New York, New York 10026 (See Exhibit E) as opposed to 2223 8th Avenue, New York, New York 10029 as Plaintiff asserts in its Affidavit of Service. Taking all of the above mentioned facts and circumstances into consideration, it is clear that Plaintiff failed to follow the proper and lawful procedures for service of process. The same has not been waived by any Defendant herein.

With regard to ELLIS in his individual capacity, FRCP §4(e) governs. Once again the Federal Rules authorize the use of the same means as would be allowed under the State law. Alternatively, pursuant to FRCP§ 4 (e) (2), the individual can be served (a) by personally delivering a copy, (b) by leaving a copy at the individuals dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy ... to an agent authorized by appointment or by law to receive service of process. It is clear from the Affidavit of Service that none of these actions took place. Thus Plaintiff must be relying on FRCP §4(e) (1).

CPLR§ 308 authorizes personal service on a natural person to be made by delivering the summons within the state to a person of suitable age and discretion at the actual place of business ... of the person to be served and by mailing the same to the person to be served at his actual place of business.

In the case at bar the process server alleges that Defendant ELLIS' actual place of business is 2223 8th Avenue New York, New York 10029. This is directly contradicted by the public records which indicate that address is 2210 Frederick Douglas Blvd New York, New York 10026 (See Exhibit E). Thus assuming the process server did exactly what he alleges to have done the mailing address was

invalidating the service. Furthermore, Plaintiff is seeking the remedy of a default judgment. New York State law requires proof of an additional mailing pursuant to CPLR§ 3215 (g) 3 (i) at least twenty (20) days prior to the entry of such judgment. This is an additional burden on Plaintiff which has not been met.

No Party herein has waived the right to proper service. The same has not be effected. Therefore, pursuant to FRCP§4 (m) this Court may dismiss this action without prejudice against the Defendants until proper service has been obtained.

**WHEREFORE**, Defendant prays for a judgment denying Plaintiffs motion in its entirety, and dismissing the complaint without prejudice. Alternatively Defendants request that this Court extend its time to answer the Complaint for a period not to exceed twenty (20) days or such other time period which this Court deems reasonable and appropriate along with such other and further relief that the Court deems just and proper.

Dated: May 1, 2017
New York, New York

DONALDSON & CHILLIEST, LLP

By: Anthony S. Chilliest
Anthony S. Chilliest
*Attorneys for Defendants*
1825 Park Avenue, Suite 1102
New York, New York 10035
(212) 722-4900