UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AHSINET BROWN, ASHLEY THOMPSON, PRECIOUS
JACKSON, TYNISE WATSON, and SANDRA ADARQUAH
Individually and on behalf of others similarly situated,

                              Plaintiff,

             -against-

WILD BLUE ORCHID, INC. (d/b/a CHOCOLAT), MOCA
BAR AND GRILL, INC. and LEON ELLIS, individually and
his Official Capacity,

                              Defendant.
-------------------------------------------------------------------X



17 CV 00169 (RMB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/17

## SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Ahsinet Brown, Ashley Thompson, Precious Jackson, Tynise Watson and Sandra Adarquah (hereinafter "Plaintiff") filed the above-captioned action (the "Lawsuit") against Defendants, complaining about alleged violations of the Fair Labor Standards Act and the New York State Labor Law; and whereas

WHERAS, Defendants have denied and continue to deny any and all allegations of liability or wrongdoing toward Plaintiff; and

WHEREAS, the Parties have resolved their differences with each other regarding Plaintiff's allegations on the terms set forth below, in order to avoid the expense and burden of continued litigation;

NOW THEREFORE, in consideration of the mutual covenants and undertakings set forth herein, Plaintiff and Defendants Wild Blue Orchid, Inc. (hereinafter "Chocolat"), Moca Bar and Grill (hereinafter "Moca") and Leon Ellis

(hereinafter "Ellis") (collectively "Defendants") hereby enter into this **SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") and IT IS AGREED that:

1. On or about the 10th day of October, 2017 Chocolat by and through its counsel Donaldson & Chilliest, LLP shall forward to Plaintiff the first of eight (8) payments that shall be made, which payments total the gross amount of Twenty Thousand Dollars ($20,000.00).

2. The first payment shall be Five Thousand Dollars ($5,000.00) which amount shall be paid by check made payable to Cohen & Fitch LLP as Attorney and delivered via overnight carrier or hand delivery to Plaintiff's counsel at 233 Broadway, Suite 1800, New York, NY 10279.

3. The remaining seven (7) payments shall be in the amount of Two Thousand One Hundred Forty Two Dollars and 86/100 ($2,142.86) which amounts shall be due and payable on the 15th day of each consecutive month beginning November, 2017 and culminating on the 15th day of May, 2018. All checks shall be made payable to Cohen & Fitch LLP as Attorney and delivered via overnight carrier or hand delivery to Plaintiff's counsel.

4. Chocolat shall issue a 1099 to Plaintiff with respect to all payments made as provided for herein.

5. In order to secure the payments to be made in accordance with this agreement, Chocolat by and through its principal Leon Ellis shall execute a copy of the attached Affidavit and Confession of Judgment (the "Confession") and provide the original execution of such document to Plaintiff's counsel simultaneously with the execution of this agreement. The original Confession shall be held in escrow by

Plaintiff's counsel and not recorded unless and until there is a default of the terms set forth herein and then only after the receipt of a ten (10) day Notice of Default and Opportunity to Cure which shall be served in writing upon counsel for Defendant via overnight mail or personal delivery. Additionally, Leon Ellis shall personally guaranty the payments to be made herein.

6. Immediately upon the full execution of this Agreement, Defendant shall draft and Plaintiffs shall execute the necessary stipulation of settlement dismissing with prejudice all claims against all Defendants other than Chocolat.

7. Immediately upon satisfaction of the payments set forth herein Defendant shall draft and Plaintiff shall execute the stipulation of settlement necessary to dismiss the action against Chocolat with prejudice and Plaintiff shall return the original Confession to counsel for Defendants as well as the personal guaranty of Leon Ellis. Both the original Confession and the personal guaranty of Leon Ellis shall thereafter be null and void and of no further legal force or effect.

8. Plaintiff accepts the benefits provided for in this Agreement in full payment and satisfaction of all Plaintiffs claims, rights and interests as against Defendants. In consideration for the benefits being provided under this Agreement, Plaintiff hereby waives all rights to bring action against Defendants and all of Defendants past and/or present officers, directors, employees, representatives, agents, attorneys, insurers, successors and assigns (collectively the "Releasees"), and release and forever discharge Releasees from all claims and liabilities of any nature, known or unknown, by reason of, arising out of, or in connection to Plaintiff's employment, termination of employment whether by voluntary resignation or otherwise

(specifically including if Plaintiffs termination by Defendant). This waiver, release and covenant not to sue shall include but not be limited to, any claims or causes of action which Plaintiff may have or have had against Releasees under law, statute, rule, regulation or enactment dealing with employment, including but not limited to Title VII (or any other title as amended) of the Civil Rights Act of 1964 (including sex, age, race, national origin or religious discrimination), The Fair Labor Standards Act, the American Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the New York State Human Rights Law, the New York City Human Rights Law, the New York Labor Law, and any other federal, state or local law relating to employment discrimination, harassment or retaliation, as well as any claims or causes of action for wrongful discharge, negligent hiring or retention, tort, breach of contract, or breach of public policy, or any other claim or cause of action, whether civil or criminal, arising under the statutes of common law of the United States, the state and/or city of New York.

9. Defendants accept the benefits provided for in this Agreement in full payment and satisfaction of all claims, rights and interests as against Plaintiff that have arisen on or prior to the date that they sign this Agreement. In consideration for the benefits being provided to them under this Agreement, Defendant hereby waives all of their rights, known or unknown, against Plaintiff, and release and forever discharge Plaintiff from all claims and liabilities of any nature, known or unknown, by reason of, arising out of, or in connection to Plaintiff's employment, termination of employment whether by voluntary resignation or otherwise

(specifically including if Plaintiffs termination by Defendant). This waiver, release and covenant not to sue shall include but not be limited to, any claims or causes of action which Defendant may have or have had against Plaintiff under law, statute, rule, regulation or enactment dealing with employment, including but not limited to Title VII (or any other title as amended) of the Civil Rights Act of 1964 (including sex, age, race, national origin or religious discrimination), The Fair Labor Standards Act, the American Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act , the New York State Human Rights Law, the New York City Human Rights Law, the New York Labor Law, and any other federal, state or local law relating to employment discrimination, harassment or retaliation, as well as any claims or causes of action for wrongful discharge, negligent hiring or retention, tort, breach of contract, or breach of public policy, or any other claim or cause of action, whether civil or criminal, arising under the statutes of common law of the United States, the state and/or city of New York.

10.   Nothing in this Agreement shall be construed to limit Plaintiff's ability to enter and enforce the Confession of Judgment against Chocolat or the guaranty of Leon Ellis.

11.   All parties agree that they have participated jointly in the negotiation and drafting of this Agreement. If any ambiguity or question of intent or interpretation arises, this Agreement will be construed as if drafted jointly by the parties and no

presumptions or burden of proof will arise favoring or disfavoring any party by virtue of authorship of any provisions of this Agreement.

12. This Agreement may not be amended or canceled, nor may any provisions be waived, except in a suitable writing signed by the parties.

13. The law of the State of New York (without reference to the principles of conflicts of law thereof) will govern the interpretation and enforcement of this Agreement. Plaintiff and Defendants hereby consent to jurisdiction in any proceeding relating to or arising out of this Agreement in the courts of the State of New York, County of New York, and, if subject matter jurisdiction exists, in the United States District Court for the Southern District of New York, which courts shall have the exclusive right to determine any such controversy.

14. If any provision of this Agreement is held to be illegal, void or unenforceable, that provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement.

15. This Agreement shall inure to the benefit of the Plaintiff's and Defendants' heirs, executors, administrators, successors and assigns, as applicable.

16. This Agreement sets forth the entire agreement between Plaintiff and Defendants, and supersedes any and all prior agreements and understandings between them.

17. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one and the same instrument. An executed signature page of this

Agreement delivered by facsimile transmission or by electronic mail in "portable document format" (".pdf") shall be as effective as an original executed signature page.

[NO FURTHER TEXT THIS PAGE]

IN WITNESS WHEREFORE WE SET OUR HANDS AND AGREE TO BE BOUND BY THE TERMS, CONDITIONS AND COVENANTS SET FORTH HEREIN.

Dated: New York, New York
September 25 2017

PLAINTIFFS:

_____   _____   _____
AHSINET BROWN  9/22/17     ASHLEY THOMPSON 9/22/17    PRECIOUS JACKSON  9/22/17

_____   _____
TYNISE WATSON              SANDRA ADAKQUAH  9/22/17

DEFENDANTS:

_____   _____
WILD BLUE ORCHID, INC.     MOCA BAR AND GRILL, INC.
BY: LEON ELLIS             BY: LEON ELLIS

_____
LEON ELLIS

---

Subject to Magistrate Judge Parker's Report & Recommendation dated 9/18/17, the Court finds the parties 9/25/17 agreement to be fair and reasonable. 10/18/17 conference is VACATED. Clerk to close the case.

SO ORDERED:
Date: 10/17/17      Richard M. Berman
                    Richard  Berman, U.S.D.J.